UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAWAR RAAD GATTAH,

              Plaintiff,         Civil Action No. 17-14152
                                                 Honorable Paul D. Borman
v.                                          Magistrate Judge David R. Grand

NANCY A. BERRYHILL,
Commissioner of Social Security,

              Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S COUNSEL'S PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) [ECF No. 22]

**I.    REPORT**

    **A.    Background**

On December 26, 2017, Plaintiff Nawar Raad Gattah ("Gattah"), with the assistance of his counsel, Randall E. Phillips ("Phillips"), filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's denial of his application for Supplemental Security Income ("SSI"). (ECF No. 1.) After the parties filed cross-motions for summary judgment, this Court issued a Report and Recommendation ("R&R") finding that the Administrative Law Judge's ("ALJ") conclusion that Gattah was not disabled under the Social Security Act was not supported by substantial evidence. (ECF No. 17.) As a result, this Court recommended remanding the matter to the ALJ for further proceedings pursuant to sentence four of 28 U.S.C. § 405(g). (*Id.*). The Commissioner did not object to the R&R, which was adopted by the Honorable Paul D. Borman on April 17, 2019. (ECF No. 18.) As a result, a stipulated order was entered awarding Gattah $6,750 in attorneys' fees under the Equal Access to

Justice Act, 28 U.S.C. §2412, which fees Gattah has paid to Phillips. (ECF No. 21; No. 22, PageID.461.)

On June 13, 2019, the Social Security Administration ruled in Gattah's favor, finding him disabled, and awarded him $40,809 in past-due benefits. (ECF. No. 22, PageID.460.) Gattah and Phillips had entered into a fee agreement providing for a 25% contingent fee of past due benefits secured subsequent to a successful appeal of an ALJ's decision (as was the case here). (ECF No. 22-2, PageID.483.) Accordingly, on July 22, 2019, Phillips filed the instant Petition for Attorney's Fees under 42 U.S.C § 406(b) seeking an award of $10,202.25.[1] (ECF No. 22.) So as not to exceed the 25% agreed-upon fee cap, Phillips represents that, if his instant fee petition is granted, he will refund to Gattah the $6,750 EAJA fee he already received. (*Id.*, PageID.461-62.) The government filed a response, indicating that it does not object to the relief sought in the fee petition. (ECF No. 23.) Phillips did not file a reply. The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

**B.     Analysis**

Under Section 406(b)(1)(A) of the Social Security Act, a court may award a "reasonable" attorney fee not in excess of 25% of the past-due benefits under Title VI of the Social Security Act for an attorney's representation of a Plaintiff. *See* 42 U.S.C. §406(b). The 25% cap in 42 U.S.C. § 406(b)(1)(A) does not apply to "aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).

---

[1] This motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 24.)

As noted above, however, Phillips agreed that should Gattah prevail after a remand, his overall fee would be limited to 25% of the past-due benefits awarded to Gattah.

In the instant case, on remand the Social Security Administration awarded Gattah $40,809.00 in past-due benefits. (ECF No.22, PageID.460.) Therefore, Phillips seeks a total award of $10,202.25 in attorneys' fees. (*See id*. at PageID.459.) The requested award is reasonable, particularly in light of counsel's good work and the successful result he helped his client achieve in this matter. As noted above, however, Phillips concedes that if he prevails on the instant petition, he must refund the $6,750 EAJA fees to Gattah.

The Commissioner does not oppose the motion, but filed a response only as a trustee of the claimant to ensure the $6,750 previously awarded under EAJA is returned to Gattah. (ECF No. 23.) Having reviewed the fee agreement and the briefs, the Court finds the documentation provided by Gattah is sufficient to support the requested award of fees under 42 U.S.C. § 406(b).

## II.     RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that attorney Phillips's Petition for Attorney's Fees (**ECF No. 22**) be **GRANTED** and that attorney fees be awarded to him in the amount of **$10,202.25**, provided that Phillips be ordered to refund to Gattah the EAJA fees Phillips previously received in this matter ($6,750.00).

Dated: November 25, 2019                                s/David R. Grand
Ann Arbor, Michigan                                     DAVID R. GRAND
                                                        United States Magistrate Judge

## **NOTICE**

3

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2019.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
